## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RAUL AGUERO AYALA,<br>TDCJ No. 02067457,<br><br>Petitioner,<br><br>v.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil No. SA-19-CA-0166-DAE |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Raul Ayala's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and supplemental Memorandum in Support (ECF No. 1), Respondent Lorie Davis's Answer (ECF No. 12), and Petitioner's Reply (ECF No. 14) thereto. Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

### I. Background

In February 2016, Petitioner plead guilty to the offense of evading arrest with a motor vehicle, a charge that was enhanced to a second-degree felony due to Petitioner's previous conviction for burglary. (ECF Nos. 13-16, 13-45 at 4-10). Pursuant to the plea bargain agreement, Petitioner judicially confessed to committing the offense, acknowledged the range of punishment, and waived his right to a jury trial. *Id.* Following a separate punishment hearing, Petitioner was sentenced to fourteen years of imprisonment. *State v. Ayala*, No. B14-466 (198th Dist. Ct., Kerr Cnty., Tex. May 12, 2016); (ECF Nos. 13-17 at 27, 13-45 at 11-12).

Although he also waived the right to appeal as part of the plea bargain agreement, Petitioner nevertheless appealed his conviction and sentence to the Texas Fourth Court of Appeals which affirmed the conviction in an unpublished opinion. *Ayala v. State*, No. 04-16-00388-CR, 2017 WL 1902588 (Tex. App.—San Antonio, May 10, 2017, pet. ref'd); (ECF No. 13-3). The appellate court also modified the trial court's written judgment by deleting the assessment of attorney's fees and altering the sentence imposed from thirteen years to fourteen years to reflect the trial court's orally pronounced sentence. *Id.* The Texas Court of Criminal Appeals (TCCA) then refused his petition for discretionary review. *Ayala v. State*, No. 0596-17 (Tex. Crim. App. Nov. 8, 2017).

In June 2018, Petitioner filed a state habeas corpus application challenging the constitutionality of his state court conviction, but the TCCA eventually denied the application without written order on August 22, 2018. *Ex parte Ayala*, No. 39,925-06 (Tex. Crim. App.); (ECF Nos. 13-38, 13-45 at 10). Petitioner initiated the instant proceedings on February 12, 2019. (ECF No. 1 at 10). In the petition, Petitioner raises the same allegations that were rejected by the TCCA during his state habeas proceedings: (1) the state appellate court erred by modifying the written judgment to reflect the trial court's oral pronouncement of his sentence, (2) the trial court erred by considering his past criminal history at the punishment hearing, (3) his trial counsel rendered ineffective assistance by failing to object to the improper enhancement of the offense to a second-degree felony and by coercing him into accepting the plea deal, (4) his indictment was defective because the offense was improperly enhanced to a second-degree felony, (5) the evidence was insufficient to support a second-degree felony conviction because he had not been previously convicted of evading arrest, and (6) his appellate counsel rendered ineffective assistance by failing to raise these allegations on direct appeal.

## II. <u>Standard of Review</u>

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal

3

habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III. Merits Analysis

**A.      Sentence Modification (Claim 1)**

Petitioner's first allegation contends that the Texas Fourth Court of Appeals erred by modifying the trial court's written judgment to reflect the oral pronouncement of his sentence. Before the modification, the written judgment stated Petitioner was sentenced to thirteen years of imprisonment, which conflicted with the trial court's oral pronouncement of a fourteen-year sentence. Petitioner argues the modification by the appellate court to the longer sentence violated his right to be present at sentencing. Petitioner fails, however, to demonstrate that the TCCA's rejection of this claim during Petitioner's state habeas proceeding was either contrary to, or an unreasonable application of, clearly established federal law.

Under Texas law, when the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). The rationale for this rule is that a sentencing hearing is a critical stage where the parties are physically present and able to hear and respond to the imposition of sentence. Once he leaves the courtroom, the defendant begins serving the sentence imposed. *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). Thus, "it is the pronouncement of sentence that is the appealable event, and the written sentence or order simply memorializes [what was orally pronounced] and should comport therewith." *Coffey*, 979 S.W.2d at 328. In other words, the trial court's written judgment, including the sentence assessed, is merely the written declaration and embodiment of the court's oral pronouncement. *Madding*, 70 S.W.3d at 135.

4

Similarly, the Fifth Circuit has consistently held that when a written sentence is in conflict with the oral pronouncement, given a defendant's constitutional right to be present at sentencing, the oral pronouncement controls. *See United States v. Vasquez-Puente*, 922 F.3d 700, 703 (5th Cir. 2019) (finding that, "when there is a conflict between a written sentence and an oral pronouncement, the oral pronouncement controls.") (quoting *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003) (per curiam)); *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001) (per curiam)); *United States v. De La Pena-Juarez*, 214 F.3d 594, 601 (5th Cir. 2000); *United States v. Shaw*, 920 F.2d 1225, 1231 (5th Cir. 1991).

Under both federal and state law, the oral pronouncement of a sentence controls when there is conflict between the oral pronouncement and the written judgment. As such, Petitioner fails to demonstrate either that the Texas Fourth Court of Appeals erred in modifying the judgment or that the TCCA's rejection of this claim during Petitioner's state habeas proceedings was unreasonable. Petitioner's first allegation is therefore denied.

**B.     Trial Court Error (Claim 2)**

During Petitioner's sentencing proceeding, the trial court considered, among other things, Petitioner's lengthy criminal history contained in a pre-sentence investigation report before sentencing Petitioner to fourteen years of confinement. (ECF No. 13-17 at 20-28). Petitioner now contends the trial court erred in relying on his past criminal behavior because the information was inaccurate and irrelevant to the instant proceedings. By considering this information, Petitioner also infers that the trial court harbored a bias against him. Petitioner fails to demonstrate that the TCCA's rejection of this claim was unreasonable.

To start, the trial court was well within its rights to consider Petitioner's past criminal behavior in assessing punishment. Indeed, in Texas, the trial court may consider "any matter the court deems relevant to sentencing," including:

5

the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and . . . any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

Tex. Code Crim. Proc. Art. 37.07, § 3(a)(1).

Petitioner has cited no relevant case law to support his position that the trial court erred in considering his past in order to assess his future sentence. Moreover, Petitioner provides no argument or support for his contention that the information contained in the pre-sentence investigative report was inaccurate. "[A]bsent evidence in the record," a court cannot "consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . , unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (citing *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983)). Petitioner's allegation is conclusory and thus does not state a claim for federal habeas corpus relief. *Ross*, 694 F.2d at 1011 (finding that "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding.").

Finally, to the extent Petitioner alleges the trial court was biased against him, his claim again fails. Petitioner is correct that the Due Process Clause guarantees the right to a fair trial, "before a judge with no actual bias against the defendant or interest in the outcome of his particular case." *Richardson v. Quarterman*, 537 F.3d 466, 474 (5th Cir. 2008) (quoting *Bracy v. Gramley*, 520 U.S. 899, 905 (1997)). Yet bias is not "lightly established," and "general allegations of bias or prejudice are insufficient to establish a constitutional violation." *Id.* (citations omitted). Although bias is not presumed, due process requires recusal if a judge is shown to have an actual bias. *Bracy*, 520 U.S. at 909. Similarly, recusal is required if there is an appearance of bias such that "the probability of actual bias . . . is too high to be constitutionally

6

tolerable." *Buntion v. Quarterman*, 524 F.3d 664, 672 (5th Cir. 2008). The Supreme Court has only identified three conflict-of-interest type situations where a judge's failure to recuse constitutes this presumptive bias: (1) when the judge "has a direct personal, substantial and pecuniary interest in the outcome of the case," (2) when he "has been the target of personal abuse or criticism from the party before him," and (3) when he "has the dual role of investigating and adjudicating disputes and complaints." *Id.* (quoting *Bigby v. Dretke*, 402 F.3d 551, 559 (5th Cir. 2005)).

Petitioner fails to establish an actual bias on the part of the trial court, nor has he pointed to any evidence which would lead this Court to believe a presumptive bias existed under the three criteria listed above. Instead, Petitioner vaguely alludes to judicial bias because he disagrees with the trial court's decision to consider his past criminal behavior. But disagreeing with a judge's rulings is not the same as establishing bias, and Petitioner points to no evidence of the trial court displaying "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Petitioner's second claim is therefore denied.

## C.    <u>Improper Enhancement</u> (Claims 3-5)

Petitioner next asserts several overlapping allegations challenging (1) the enhancement of the charged offense to a second-degree felony in the indictment, (2) the sufficiency of the evidence supporting the improperly enhanced, second-degree-felony conviction, and (3) his trial counsel's ineffectiveness in failing to object to the improperly-enhanced indictment and coercing him into accepting the plea deal. Because he voluntarily plead guilty to the conviction he is now challenging under § 2254, however, Petitioner waived the right to challenge all non-jurisdictional defects in his proceeding. Moreover, each of these allegations were rejected by the state court during Petitioner's state habeas proceedings. Federal habeas relief is therefore unavailable

7

because Petitioner has not shown that the state court's merits adjudication was either contrary to, or an unreasonable application of, clearly established Supreme Court precedent. *Richter*, 562 U.S. at 101.

      1.    <u>Petitioner's Plea Was Voluntary</u>

It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005); *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). And a plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *United States v. Juarez*, 672 F.3d 381, 385 (5th Cir. 2012).

The record in this case indicates Petitioner's plea was a voluntary and intelligent choice and was not a result of any misrepresentation. On the day of his trial, Petitioner appeared in open court and was admonished by the trial court about the enhanced charges against him, the range of punishment he was facing, and his right to a jury trial. (ECF No. 13-16 at 5-8). Petitioner indicated that he had discussed the issues with his counsel, Richard Ellison, and understood the charges and the rights he was giving up. *Id*. Petitioner then admitted his plea was being given freely and voluntarily, and counsel confirmed that his client was competent and capable of assisting him in preparing for trial. *Id*. at 8. The trial court then accepted Petitioner's plea and admonished him that the plea could no longer be withdrawn. *Id*. at 10-11. Petitioner

later reaffirmed at the subsequent sentencing hearing that understood the enhanced charges to

which he plead guilty. (ECF No. 13-17 at 6-9).

The voluntariness of Petitioner's plea is also demonstrated by Petitioner's signature on

the plea-bargain agreement itself, entitled "Defendant's Plea of Guilty, Waivers, and

Admonishments." (ECF No. 13-45 at 5-10). Among other things, the agreement states

Petitioner was represented by counsel, understood the nature of the charges in the indictment and

the range of potential punishment, and entered the plea freely and voluntarily. *Id.* Counsel for

Petitioner also signed the agreement, stating that he discussed with Petitioner the rights he was

waiving and indicating his belief that Petitioner was mentally competent and "fully understands

the admonitions of the Court and is aware of the consequences of [his] plea." *Id.* at 8. The trial

judge then gave his approval of the agreement, concluding:

> It clearly appearing to the Court that the defendant is mentally competent and is
> represented by competent counsel and that said defendant understands the
> nature of the charge against [him]; that [he] has been admonished by the Court including
> the minimum and maximum punishment provided by law and that the defendant
> fully understands the admonitions of the Court and is fully aware of the
> consequences of [his] plea; that the attorney for the defendant and the State
> consent and approve the waiver of a trial by jury and agree to stipulate the
> testimony in this case; the Court, therefore, finds such plea of guilty, waiver and
> consent to be voluntarily made, and the Court accepts the plea of Guilty and
> approves the waiver of a jury herein and the consent to stipulate testimony.

*Id.*

Petitioner's signature on the guilty plea documents is *prima facie* proof of the validity of

the pleas and is entitled to "great evidentiary weight." *Theriot v. Whitley*, 18 F.3d 311, 314 (5th

Cir. 1994); *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (citing *Hobbs v. Blackburn*,

752 F.2d 1079, 1081 (5th Cir. 1985)). Petitioner's formal declarations in open court also carry

"a strong presumption of verity" and constitute a formidable barrier to any subsequent collateral

attack. *United States v. Kayode*, 777 F.3d 719, 729 (5th Cir. 2014) (quoting *Blackledge v.

Allison*, 431 U.S. 63, 74 (1977)). Because Petitioner has not provided any evidence or argument

that would overcome these "strong presumptions of verity," this Court denies any allegation made by Petitioner concerning the validity of his guilty pleas. *Blackledge*, 431 U.S. at 74 (finding "[t]he subsequent presentation of conclusory allegations which are unsupported by specifics is subject to summary dismissal.").

Furthermore, by entering a knowing, intelligent, and voluntary guilty plea, a defendant waives all non-jurisdictional defects preceding the plea. *Tollett v. Henderson*, 411 U.S. 258, 265 (1973); *United States v. Scruggs*, 714 F.3d 258, 261-62 (5th Cir. 2013). This rule encompasses errors of constitutional dimension that do not affect the voluntariness of the plea, such as Petitioner's claims concerning the purported defect in his indictments and the sufficiency of the evidence. *See United States v. Hanyard*, 762 F.2d 1226, 1229-30 (5th Cir. 1985) (waiving claim regarding sufficiency of the evidence); *see also United States v. Williams*, 577 Fed. App'x 379, 380 (5th Cir. 2014) (waiving claim that indictment was defective) (unpublished); *United States v. Templet*, 431 Fed. App'x 270, 271 (5th Cir. 2011) (same). The waiver likewise includes claims of ineffective assistance of counsel (IATC claims) unless the alleged ineffectiveness relates to the voluntariness of the guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (waiving claims of ineffective assistance, except for claims related to voluntariness of plea).

As such, the only claims that survive a guilty plea are those implicating the validity of the plea itself. *Tollett*, 411 U.S. at 267; *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). Here, Petitioner argues (1) the indictment was defective because it improperly enhanced the charges against him to a second-degree felony, (2) trial counsel was ineffective for failing to object to this improper enhancement, and (3) the evidence supporting a second-degree-felony conviction was insufficient. But Petitioner fails to demonstrate how these allegations relate in any way to the voluntariness of his guilty plea. Accordingly, Petitioner's claims are waived by his knowing, voluntarily, and intelligent guilty plea.

10

2.    Trial Counsel's Performance

Petitioner does make one IATC allegation that, if successful, may implicate the voluntariness of his plea: that he was coerced into signing the plea deal by his trial counsel, Mr. Ellison. According to Petitioner, Mr. Ellison coerced him into pleading by not informing him of the improper enhancement and by expressing his belief Petitioner would get the maximum sentence if he did not sign the plea agreement. Again, a valid guilty plea waives all non-jurisdictional defects—including an IATC claim—unless the IATC claim goes to the voluntariness of the plea. *Smith*, 711 F.2d at 682. Thus, the Court considers Petitioner's IATC claim to the extent it may implicate the voluntariness of his plea. *Hill*, 474 U.S. at 56 (citing *Tollett*, 411 U.S. at 267).

The appropriate standard to evaluate the effectiveness of counsel with regard to a guilty plea is the familiar *Strickland* two-part test. *Hill*, 474 U.S. at 58 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Under *Strickland*, Petitioner must demonstrate (1) counsel's performance was deficient, and (2) this deficiency prejudiced his defense. 466 U.S. at 687-88, 690. To establish counsel's performance was deficient, a petitioner must first show his counsel's performance fell below "an objective standard of reasonableness." *Id.* at 688–89. But, in the context of a guilty plea, proving *Strickland*'s prejudice requirement turns "on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S at 59. This means, "in a guilty plea scenario, a petitioner must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error" and, instead, "would have insisted upon going to trial." *Armstead v. Scott*, 37 F.3d at 206 (citations omitted). This assessment will turn partially on "a prediction of what the outcome of a trial might have been." *Id.*

a.     Failure to challenge the indictment.

Petitioner contends that counsel failed to argue the indictment was defective due to an improper enhancement.  According to Petitioner, the charge of evading arrest was improperly enhanced to a second-degree felony despite the fact that no serious bodily injury occurred, and he had not previously been convicted of evading arrest.  Such an argument does not undermine the voluntariness of Petitioner's guilty plea as long as the trial court had jurisdiction over the case.  *United States v. Jennings*, 891 F.2d 93, 95 (5th Cir. 1989) (concerning indictment under the wrong statute).

As pointed out by Respondent, Petitioner has not shown that the enhancement of his indictment was improper.  Petitioner was indicted and convicted under Texas Penal Code Sec. 38.04, which classifies the offense of evading arrest as a third-degree felony if the actor uses a vehicle while in flight.  Petitioner's offense was then enhanced to a second-degree felony due to Petitioner having been previously convicted of felony burglary.  *See* Tex. Penal Code Sec. 12.42(a) (holding a third-degree felony punishable as a second-degree felony for repeat offenders).  As the record—including Petitioner's plea agreement—demonstrates, Petitioner certainly met the criteria for enhancement under Sections 38.04 and 12.42(a).  Thus, because the trial court clearly had jurisdiction over the case, counsel cannot be found ineffective for failing to file what would have been a frivolous attack on the indictment.  *See* Tex. Code Crim. Proc. art. 4.05 (stating district courts and criminal district courts shall have jurisdiction in felony criminal cases); *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) (counsel cannot be deficient for failing to press a frivolous point).

b.     Petitioner's allegations that counsel coerced him into pleading.

Petitioner next contends that his plea was involuntary because counsel misled him about his chances of receiving a sentence less than the maximum if he did not accept the plea offer.

12

But as discussed previously, the plea agreement and Petitioner's formal declarations in open court demonstrate Petitioner's awareness of the "relevant circumstances and likely consequences" of his plea. *Bradshaw*, 545 U.S. at 183. Petitioner's plea agreement also stated he understood the terms of the plea agreement, that his attorney has explained the legal effects of the agreement, and he was not coerced or misled into making the plea.

Conversely, Petitioner is unable to point to anything in the record to support his assertions that counsel misled him about the possibility of receiving the maximum sentence, much less that he coerced Petitioner into signing the plea agreement. Petitioner's conclusory and unsupported allegations of counsel's misrepresentations are not enough to establish deficient performance under *Strickland*. *See United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007) ("[C]onclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel.") (quoting *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)). Therefore, Petitioner fails to establish that his guilty plea was involuntary due to any alleged deficiencies in counsel's performance.

        c.      <u>Petitioner has not established prejudice.</u>

Regardless, even assuming counsel was deficient, Petitioner still cannot show he would not have accepted the current plea and would have instead insisted on going to trial but for counsel's error. *Armstead*, 37 F.3d at 206. Again, such an assessment will turn partially on "a prediction of what the outcome of a trial might have been." *Id.* The record is silent as to whether Petitioner would have made the decision to plead not guilty and go to trial had counsel acted in a manner consistent with Petitioner's allegations. In signing the waiver and stipulations of the trial court, however, the record does indicate that counsel fully explained his rights and the plea agreement to Petitioner, that Petitioner understood the plea was for an enhanced second-degree felony with the possible sentence of up to twenty years of imprisonment, and that

Petitioner admitted he committed the offense and the charged enhancement. Thus, based on the record before the Court, it appears unlikely Petitioner would have chosen to go to trial.

In light of the record evidence supporting the voluntariness of his guilty plea, in addition to the fact Petitioner failed to prove counsel's performance was deficient or his plea was involuntary due to ineffective assistance of counsel, this Court must find Petitioner entered into his plea voluntarily, knowingly, and intelligently. Moreover, Petitioner completely failed to prove that, but for his attorney's actions, he would have chosen to proceed to trial. Petitioner has therefore failed to establish a valid IATC claim. *Hill*, 474 U.S. at 58. Accordingly, federal habeas relief must be denied because Petitioner fails to meet his burden of proof under the AEDPA. 28 U.S.C. § 2254(d).

**D.**     <u>**Appellate Counsel's Performance**</u> **(Claim 6)**

Finally, Petitioner contends he received ineffective assistance of counsel during his direct appeal proceedings. A criminal defendant is constitutionally entitled to effective assistance of appellate counsel when he has a right to appeal under state law. *Evitts v. Lucey*, 469 U.S. 387 (1985); *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). The familiar standard set out in *Strickland v. Washington* to prove that counsel rendered unconstitutionally ineffective assistance applies equally to both trial and appellate attorneys. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Dorsey v. Stephens*, 720 F.3d 309, 319 (5th Cir. 2013). Thus, to obtain relief, Petitioner must demonstrate that (1) appellate counsel's conduct was objectively unreasonable under then-current legal standards, and (2) there is a reasonable probability that, but for appellate counsel's deficient performance, the outcome of Petitioner's appeal would have been different. *Robbins*, 528 U.S. at 285; *Higgins v. Cain*, 720 F.3d 255, 260-61 (5th Cir. 2015). He does neither.

Throughout his § 2254 petition and memorandum in support, Petitioner contends appellate counsel was ineffective for failing to raise several of the issues raised in the instant federal habeas proceedings.  As discussed above, however, none of these allegations have merit.  And appellate counsel is not required to raise every possible non-frivolous claim on appeal.  *See Jones v. Barnes*, 463 U.S. 745, 751-52 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues.").

Because none of the claims Petitioner contends should have been raised are meritorious, appellate counsel was not deficient for failing to raise them.  For the same reason, there is no likelihood Petitioner would have obtained relief had they been raised on direct appeal, and therefore no prejudice was caused by appellate counsel's failure to raise them.  Petitioner's allegation concerning appellate counsel was rejected by the state court during his state habeas proceedings, and Petitioner has not shown this rejection on the merits to be contrary to, or an unreasonable application of, the *Strickland* standard.  *Richter*, 562 U.S. at 101.  Federal habeas relief is therefore denied.

## IV.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA).  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a

different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).  For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief.  As such, a COA will not issue.

## V.  Conclusion and Order

Petitioner has failed to establish that the state court's rejection of the aforementioned claims on the merits during his state habeas proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented during Petitioner's state trial, appellate, and habeas corpus proceedings. Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.     Federal habeas corpus relief is **DENIED** and Petitioner Raul Aguero Ayala's § 2254 petition (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2.     No Certificate of Appealability shall issue in this case; and

3.     All other motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the ⟨24⟩ day of June, 2020.

DAVID A. EZRA
SENIOR U.S. DISTRICT JUDGE

16